

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

December 14, 1964

Honorable Dean Martin　　　　　Opinion No. C-362
County Attorney
Grayson County　　　　　　　　Re: Voter Eligibility in local
Sherman, Texas　　　　　　　　　　option election.

Dear Mr. Martin:

　　　　In your request for an opinion you ask whether or not
certain citizens who were over 60 years of age on January 1st,
1963, and who have not paid a poll tax or obtained an exemp-
tion certificate, if they are otherwise qualified to vote,
will be entitled to vote in an anticipated local option elec-
tion to be held in the City of Denison on January 15, 1965.

　　　　You state in your letter that in May, 1964, the City
of Denison annexed certain property to the South of its then
southern boundary, and that this area is now incorporated into
the City of Denison.  Prior to the annexation, this area was
not included in or a part of a city having a population of
10,000 or more inhabitants.  Consequently, you state that the
citizens therein who were over 60 years of age were not re-
quired to pay a poll tax or obtain an exemption certificate
for the voting year February 1, 1964 through January 31, 1965,
pursuant to Article 5.16 of the Election Code, Vernon's Anno-
tated Texas Statutes.  With the annexation of this area in
May, 1964, however, the question arises as to whether or not
these overage citizens must obtain an exemption certificate
to vote in a local option election to be held January 15,
1965, which will determine the "wet-dry" status of Denison,
a city of over 10,000 population.

　　　　Article 5.16, Election Code, V.A.T.S., states:

　　　　"Every person who is exempted by law
from the payment of a poll tax, and who
is in other respects a qualified voter,
who resides in a city of ten thousand
(10,000) inhabitants or more, shall, be-
fore the first day of February of the year
when such voter shall have become entitled
to such exemption, obtain from the Tax

-1716-

Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax. Such certificate shall entitle such voter to vote at any election held between the date of its issuance and a period of one (1) year from the 31st day of January following its issuance."

At the last legislative session this statute was amended and the following language was added:

". . .If a person who is exempt on the ground of overage does not reside in a city of ten thousand or more inhabitants during the regular period for issuance of exemption certificates, but thereafter moves to such city, he must obtain an exemption certificate not less than four days before any election at which he wishes to vote. . . ."

Contrary to the above provision, the citizens in question have not moved to a city of 10,000 or more inhabitants; rather, the city has moved to them. The wording of the statute is unambiguous, and we must presume that if the Legislature had intended for citizens under our particular fact situation to obtain exemption certificates, they would have so provided.

Furthermore, the overage citizens within the annexed area were qualified to vote without an exemption certificate as of February 1, 1964, pursuant to Article 5.16, Election Code, Vernon's Civil Statutes. That right continued to January 31, 1965. To prevent these citizens from voting on January 15, 1965, because they had not obtained an exemption certificate would be to disenfranchise them of their right to vote after being duly qualified to vote for the year February 1st, 1964 through January, 1965.

We hold, therefore, that the overage citizens in question need not hold an exemption certificate to be able to vote in the proposed local option election on January 15, 1965.

### SUMMARY

Citizens over 60 years of age on January 1st, 1963, not residing in a city of 10,000 inhabitants or more and who thereby have the

right to vote without a poll tax or an exemption certificate as of February 1, 1964, are not thereafter required to obtain an exemption certificate for the February 1, 1964 through January 31, 1965 voting year, by reason of the fact that the area is annexed to a city of 10,000 or more inhabitants.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Brady Coleman_
BRADY S. COLEMAN
Assistant Attorney General

BSC/lh/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Dean Arrington
Jerry Brock
Roger Tyler
Scott Garrison

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone